UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| CAROLINA CASUALTY INSURANCE COMPANY, ) ) ) | |
| Plaintiff, ) ) | |
| v. ) ) | CAUSE NO.: 1:06-CV-33-TS |
| ESTATE OF BEVERLY ZINSMASTER, ) DECEASED, et al., ) ) | |
| Defendants. ) ) | |
| ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯ ) ) | |
| PARKVIEW HOSPITAL, INC., ) ) | |
| Counter-Claimant, ) ) | |
| v. ) ) | |
| CAROLINA CASUALTY INSURANCE ) COMPANY, ) ) | |
| Counter-Defendant. ) ) | |
| ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯ ) ) | |
| PARKVIEW HOSPITAL, INC., ) ) | |
| Cross-Claimant, ) ) | |
| v. ) ) | |
| NATIONWIDE INSURANCE COMPANY,) MARGARITA R. KARPOV, THE ) ESTATE OF DIMITRY KARPOV, NET ) TRUCKING, INC., and STANISLAW ) GILL, ) ) | |
| Cross-Defendants. ) | |

**OPINION AND ORDER**

**A.     Background**

On August 21, 2005, Stanislaw W. Gill, the driver of a Net Trucking tractor-trailer unit, caused a chain reaction collision on Interstate 80/90, the Indiana toll road. At the time of the accident, Net Trucking and Gill were insured by Carolina Casualty Insurance Company. The accident has given rise to numerous wrongful death, injury, and property damage claims against the motor carrier and its insurer.

The Intervenor Plaintiff, Carolina Casualty, brought this statutory interpleader claim against the Defendants pursuant to 28 U.S.C. § 1335 and Federal Rule of Civil Procedure 22. In motions for partial summary judgment, the Defendants requested that the Court enter an order declaring that Carolina Casualty was required by federal law to provide a coverage minimum of $750,000 to satisfy "each final judgment" for injury or death due to motor carrier negligence. Carolina Casualty argued in its cross motion for partial summary judgment that the limit of its liability for the August 21, 2005, accident is $1 million.

On January 30, 2007, the Court ruled in favor of Carolina Casualty, finding that its liability under policy number CTP343015, for the accident involving its insured on August 21, 2005, is $1 million. On February 20, 2007, Defendants Estate of Dimitry Karpov, deceased, Margarita R. Karpov, as Administratrix of the Estate of Dimitry Karpov and individually, moved for entry of final judgment under Federal Rule of Civil Procedure 54(b). The Defendants seek entry of such judgment so they can appeal the Court's determination regarding the amount of coverage provided by Carolina Casualty's policy on Gill and Net Trucking. Carolina Casualty has paid into the registry of this Court the sum or $1 million, in accordance with statutory requirements and the Court's grant of partial summary judgment in favor of Carolina Casualty.

On February 26, 2007, the Court held a telephone conference in which the all the parties concurred with the motion for entry of final judgment.[1] Counsel acknowledged that the allocation of the funds among the claimants remained at issue and that a dispute regarding Carolina Casualty's duty to defend Net Trucking and Gill against suit also remained pending.

**B.**     **Discussion**

Generally, the court of appeals only has jurisdiction to review final orders from district courts. A final order "ends the litigation on the merits and leaves nothing for the court to do but to execute judgment." *Coopers v. Lybrand v. Livesay*, 437 U.S. 463, 467 (1978). This Court's order on the motion for partial summary judgment does not end the litigation. The issue of allocation of the insurance funds, as well as Carolina Casualty's continuing obligations under the insurance policy, remain pending. *See* Interpleader Cplt., Request for Relief, ¶ 2 (requesting that Carolina Casualty be "fully and finally discharged from all further liability under the subject policy, including the duty to defend any action that has been or may be brought against any of its insureds"); 7 Fed. Prac. & Proc Civ. 3d § 1714 (describing two stages of interpleader where second stage involves the determination of the respective rights of the claimants to the fund); *see also Law Offices of Beryl A Birndorf v. Joffe*, 930 F.2d 25 (Table) (7th Cir. 1991) (holding that court's order awarding fees in interpeader action was not final because a portion of the fund remained undistributed).

The court of appeals may nonetheless review this Court's order if it first certifies the order as final under Federal Rule of Civil Procedure 54(b):

---

[1] Participating counsel for Net Trucking did not object to the motion but did not expressly concur.

> When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct entry of final judgment as to one or more but fewer than all of the claims or parties only upon express determination that there is no just reason for delay and upon an express direction for the entry of judgment.

Fed. R. Civ. P. 54(b); *Local P-171, Almalgamated Meat Cutters and Butcher Workmen of N. Am.*, 642 F.2d 1065, 1068 (7th Cir. 1981) (noting that entry of judgment under Rule 54(b) renders orders appealable of right under 28 U.S.C. § 1291 as a final decision). However, Rule 54(b) judgment is not appropriate in this case because the Court's order does not completely dispose of a separate claim for relief or finally resolve all claims against a particular party. *See, e.g., Liberty Mutual Ins. Co. v. Wetzel*, 424 U.S. 737, 742–43 (1976) (holding that Supreme Court did not have jurisdiction to consider appeal even though district court used Rule 54(b) language in judgment because lawsuit involving only one claim with several requests for relief did not qualify for Rule 54(b) entry of judgment); *see also Stearns v. Consol. Mgmt., Inc.*, 747 F.2d 1105, 1108 (7th Cir. 1984) (stating that Rule 54(b) certification requires that action involve separate claims and there be a final decision as to at least one of these claims); *Mulay Plastics, Inc. v. Grand Trunk W. R. Co.*, 742 F.2d 369, 371 (7th Cir. 1984) (noting that the separate claim for relief must be a "substantive claim"); *Ind. Harbor Belt R. Co. v. Am. Cyanamid Co.*, 860 F.2d 1441, 1444 (7th Cir. 1988) (stating that Rule 54(b) "does not cover a partial adjudication of a single claim, even if other claims are presented in the case").

Although certification of the Court's order is not appropriate under Rule 54(b), the intent of the Defendant's motion, in which all parties have concurred, may be met by other means. The Court may amend its Order and certify it for appeal if it "involves a controlling question of law, as to which there is a substantial ground for difference of opinion and that an immediate

appeal from the order may materially advance the ultimate determination of the litigation." 28 U.S.C. § 1292(b); *see also Buckley v. Fitzsimmons*, 919 F.2d 1230, 1239 (7th Cir. 1990), *vacated on other grounds*, 502 U.S. 801 (1991) (holding that federal rules of appellate procedure allow a district court judge to amend its ruling to add a § 1292(b) certification); Fed. R. App. P. 5(a)(3). The Court therefore construes the Defendants' Motion as requesting it to incorporate the § 1292(b) language in its Opinion and Order to permit immediate appellate review of an order that would not otherwise be appealable.

The Court finds that certification of its January 30, 2007, order is appropriate under § 1292(b). The Court's determination of Carolina Casualty's total liability under the subject insurance policy is a controlling issue of law. The amount of insurance coverage available to the claimants will affect the second stage of the interpleader action and the final allocation of funds. As there is no controlling precedent from the Seventh Circuit, or any other circuit, there is a substantial ground for difference of opinion. The only case directly addressing the issue presented by the parties' motions for partial summary judgment was from the Middle District of North Carolina and this Court relied heavily on that opinion, as well as commentary referencing that opinion, in its interpretation of the Motor Carrier Act. Further, an immediate appeal from the order may materially advance the ultimate determination of the litigation. The claimants and the Court will be able to go forward in stage two of the interpleader action knowing the funds that are available for potential allocation. The district court and the parties will not be faced with a scenario where, after distribution of the $ 1 million, they learn on appeal that $750,000 should have been made available for each claimant's final judgment and that the $ 1 million was not an adequate bond.

## CONCLUSION

For the foregoing reasons, the Court CONVERTS the Defendant's Motion for Entry of Final Judgment [DE 218] into a motion to amend the Court's Order, GRANTS the motion, and will enter an Amended Memorandum and Order containing § 1292(b) certification language. The amended order will also stay the district court proceedings until resolution of any appeal. **The parties are advised that the filing of a proper petition for permission to appeal within ten days is a jurisdictional prerequisite for invocation of 28 U.S.C. § 1292(b). Fed. R. App. P. 5.**

SO ORDERED on February 27, 2007.

                                s/ Theresa L. Springmann
                                THERESA L. SPRINGMANN
                                UNITED STATES DISTRICT COURT
                                FORT WAYNE DIVISION